**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

FEB 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO FRANCISCO CHACON CHABUR, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | Nos.  19-71763 <br> 20-70526 <br><br> Agency No. A014-605-076 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2021[**]
San Francisco, California

Before:  RAWLINSON and BUMATAY, Circuit Judges, and S. MURPHY,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Petitioner Guillermo Francisco Chacon Chabur (Chacon), a native and citizen of Colombia, seeks review of an order from the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of relief under the Convention Against Torture (CAT). Chacon also challenges the BIA's denial of a motion to reopen.

**1**. Substantial evidence supports the denial of CAT relief. *See Medina-Rodriguez v. Barr*, 979 F.3d 738, 744, 751 (9th Cir. 2020) (applying substantial evidence standard to CAT claim). Chacon asserts that he was a confidential informant in the 90s for a federal task force investigating the now-defunct Cali cartel and Mexican mafia for drug smuggling. He testified before several grand juries, leading to convictions, and survived an assassination attempt by the Cali cartel in 1993.

However, Chacon presented no evidence that cartel members have targeted him since. He and his expert witness offered only generalized speculation that Chacon may be targeted upon returning to Colombia. *See Gomez Fernandez v. Barr*, 969 F.3d 1077, 1091 (9th Cir. 2020) (rejecting a challenge to the denial of CAT relief because "speculation that the same individuals who targeted [petitioner's] family members in 1996 would target him now if he returned is insufficient"). And Chacon failed to show that it is more likely than not that he

would be tortured by or with the consent or acquiescence of the Colombian government. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (explaining that general ineffectiveness in preventing crime does not establish government acquiescence "absent evidence of corruption or other inability or unwillingness to oppose criminal organizations").

2.      The BIA did not abuse its discretion in denying the motion to reopen. *See Silva v. Barr*, 965 F.3d 724, 735-36 (9th Cir. 2020) (applying abuse of discretion standard to denial of motion to reopen). The removal of former Cali cartel members to Colombia and alleged withdrawal of the FARC guerrilla force from the peace process do not change the conclusion that Chacon failed to establish eligibility for CAT relief. *See id.* at 736 (affirming denial of motion to reopen where new evidence did not establish prima facie case for relief).

**PETITION DENIED.**